UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN A. WASHINGTON

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY

CIVIL ACTION

NUMBER 06-124-JVP-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 4, 2006.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

Additional Notices Sent to:

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN A. WASHINGTON

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY

CIVIL ACTION

NUMBER 06-124-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by Jo Anne B. Barnhart, Commissioner of Social Security. Record document number 12. Plaintiff filed an opposition.[1]

Plaintiff Susan A. Washington brought this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision on her claim for supplemental security income (SSI) benefits.[2] The Commissioner's final determination on the plaintiff's claim for benefits was a partially favorable decision.[3] The administrative law judge (ALJ) found that the plaintiff was disabled as of August 1, 2004 but not before that date. After the plaintiff filed her memorandum in support of appeal which raised several points of error, the Commissioner responded by filing a motion to reverse the ALJ decision and remand this matter under

---

[1] Record document number 14.

[2] Plaintiff filed her SSI application on December 18, 2002 and claimed that the onset of her disability was December 10, 2002. AR pp. 36-50.

[3] AR pp. 4-17.

sentence four of § 405(g).  Essentially, the Commissioner agreed with the first two errors asserted by the plaintiff and requested that the final decision be reversed and remanded for further administrative proceedings so that the plaintiff's impairments could be evaluated under the proper legal standards.[4]  The Commissioner's request for reversal and remand did not specify any limitations for the administrative proceedings to be conducted on remand.

Plaintiff objected to a remand which would allow the Commissioner to reconsider the favorable finding that her disability began on August 1, 2004.  AR pp. 15-17.  Plaintiff requested that the court order reversal and remand, limiting the hearing on remand solely to the issue of whether she became disabled as of December 10, 2002 and directing the Commissioner not to revisit or disturb the determination that she was disabled as of August 1, 2004.

Defendant filed a reply memorandum in response to the court's order for the Commissioner to address the plaintiff's request for

---

[4] The Commissioner stated that the purpose of the remand for additional administrative proceedings was to require the ALJ to evaluate the severity of the plaintiff's mental impairments under the *Stone v. Heckler* standard, and to consider the combination of the plaintiff's severe and nonsevere impairments in accordance with 20 C.F.R. § 416.923. Record document number 13, Memorandum in Support of Defendant's Motion to Remand, pp. 1-2; record document number 10, Plaintiff's Memorandum in Support of Appeal, p. 5.

a limited remand.[5]  The Commissioner basically argued that the regulations and case law generally do not support limitations on remand, and the plaintiff's argument for a limited remand and interim award of benefits is not supported by the record.  The Commissioner also noted that the notice of the partially favorable decision sent by the ALJ advised the plaintiff that if she requested review by the Appeals Council, the Appeals Council would review the entire record and could make any part of the decision more or less favorable or unfavorable to the plaintiff.[6]  According to the Commissioner, this placed the plaintiff on notice that her appeal of the ALJ's partly favorable decision might later result in a less favorable or an unfavorable determination.

   The Commissioner's arguments are persuasive.  As pointed out by the Commissioner, 20 C.F.R. § 416.1483 specifically addresses remands by a federal court.  The regulation states that when a federal court remands a case to the Commissioner, either the Appeals Council can make a decision on behalf of the Commissioner, or it may send the case to the ALJ with instructions to take action and issue another decision or present a recommended decision to the Appeals Council.  The regulation also provides that when the court remands the case and the Appeals Council sends it to the ALJ for action, any issues relating to the claim "may be considered by the

---

   [5] Record document number 16.

   [6] AR p. 10.

3

administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision."

The Commissioner's proposed remand order shows that the case will be remanded for additional administrative proceedings before the ALJ, so that the ALJ can evaluate the plaintiff's claim under the correct legal standards. Therefore, the Commissioner's proposed remand falls directly under § 416.1483, which specifically states that on remand from the federal court the ALJ can consider any issues relating to the plaintiff's claim.

Several lower court decisions support the view that the administrative proceedings conducted by the ALJ on remand should not be restricted. Most of the cases do not specifically involve a motion to remand where the claimant objected and urged restrictions on the remand to the ALJ in order to preserve a partially favorable decision. However, the decisions do involve 20 C.F.R. § 416.1483 and related regulations, and the policies that support the conclusion that the ALJ should not be constrained in reevaluating a claim on remand from the Appeals Council or the federal court.

For example, in *Wiltz v. Commissioner of Social Security Admin.*,[7] the plaintiff argued that after a court remand on the Commissioner's request, it was legal error for a second ALJ to find that the plaintiff had a greater residual functional capacity than

---

[7] 412 F.Supp.2d 601, 609-10 (E.D. Tex. 2005).

the ALJ found in the original proceeding.  The court rejected the plaintiff's argument stating that absent "law-of-the-case implications, regulations permit consideration of all issues relating to the claim when a federal court remands a case to the Commissioner, and in turn the Appeals Council remands the case for rehearing to the ALJ."[8]

In *Hollins v. Massanari*,[9] the district court reversed and remanded the first ALJ decision and on rehearing before the ALJ, the ALJ considered the entire claim, not just the issues specifically addressed in the court's opinion remanding the case. On his second appeal to the district court, the claimant argued that the ALJ was bound to the initial determination that he had severe physical impairments.  The court rejected the claimant's argument.  The court initially noted that under the regulations once the claimant sought review by the Appeals Council and judicial review in the district court, the decision of the ALJ was no longer binding on the parties.  The court also stated that the ALJ must act consistent with the remand orders of the court, but on remand has the authority under the regulations to consider any issues

---

[8] *Wiltz* also cited *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)(when Secretary remands case to the ALJ for reevaluation there is no rule of issue preclusion).

[9] 49 Fed.Appx. 533 (6th Cir. 2002).

relating to the claim.[10]

Plaintiff did not point to any regulations in support of her position. Plaintiff cited several decisions and essentially argued that the district court has the authority to direct the Commissioner to take or not to take certain actions on remand. Most of the cases cited by the plaintiff involved instances of repeated problems in resolving a plaintiff's claim for benefits,

---

[10] *Hollins*, citing, 20 C.F.R. § 404.955(20 C.F.R § 416.1455 is the same regulation under Title XVI); 20 C.F.R. 404.983 (20 C.F.R § 416.1455 same).

In a case cited by the plaintiff, *Ross v. Apfel*, 999 F.Supp. 1449 (D.Kan. 1998), the district court rejected both parties' request that the court impose restrictions on the scope of the ALJ's review on remand.

In *Jackson v. Commissioner of Social Security*, 2000 WL 1286345 (D.Or. July 6, 2000), after remand by the district court, the claimant asserted that the ALJ's reevaluation of her claim was going beyond the court's remand order. The court concluded that the ALJ acted consistent with the order and noted that on remand the ALJ could consider any issue related to the claim. Citing 20 C.F.R. § 404.983 (20 C.F.R. § 416.1483 same) the court commented:

> An ALJ needs this leeway because it is difficult to foresee what information may be needed on remand. Unless the issues on remand are purely legal issues, ALJ's will have to make new findings of fact that could affect their prior findings of fact.

*See also*, *Maldonado v. Barnhart*, 2006 WL 2411521 (W.D.Tex. Aug. 19, 2006). *Maldonado* involved judicial review of a second ALJ decision after the Appeals Council had reversed and remanded the initial ALJ decision. The court rejected the claimant's argument that the ALJ could not make a factual finding that was contrary to one of his initial findings, stating that to bind the ALJ under preclusion principles would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact and making any necessary corrections. *Maldonado*, at *8, citing, *Houston v. Sullivan*, 895 F.2d 1012, 1015 (5th Cir. 2006); *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987)(court declines to constrain the ALJ in a manner not mandated by the regulations).

and lengthy delays that warranted remand for calculation of benefits or the award of interim benefits.  The present case does not have such a history.  Although the plaintiff predicted a long delay if her case is remanded, the plaintiff failed to cite any basis in the regulations or jurisprudence for restricting the ALJ's actions or awarding the plaintiff interim benefits based on such speculation.  Given the notice of partially favorable decision sent during the administrative proceedings, the plaintiff also cannot claim that she was unaware that a possible consequence of an appeal is that the partial decision might be modified and result in findings that are less favorable.[11]

Plaintiff's objections to the Commissioner's motion to remand should be rejected.  The Commissioner's motion under sentence four of § 405(g) to reverse the final decision on the plaintiff's claim for SSI benefits and remand the case for further administrative proceedings should be granted.

### **Recommendation**

It is the recommendation of the magistrate judge that pursuant to the fourth sentence of 42 U.S.C. § 405(g) the final decision

---

[11] *See*, *Oyervides v. Shalala*, 1994 WL 809114 (W.D.Tex. Nov. 28, 1994)(claimant claimed due process violation after an Appeals Council remand when a second ALJ reversed initial ALJ's finding that claimant had a closed period of disability; court noted that the claimant was advised of possible adverse consequences of his appeal in the ALJ's notice of partially favorable decision).
Plaintiff received such a notice in this case and chose to pursue her appeal to the Appeals Council and this court under § 405(g).

7

denying the plaintiff's claim for supplemental security income (SSI) benefits should be reversed and the Motion to Remand filed by Jo Anne B. Barnhart, Commissioner of Social Security be granted.

Baton Rouge, Louisiana, December 4, 2006.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE